654 So.2d 1302 (1995)
Henry ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-899.
District Court of Appeal of Florida, Fifth District.
June 2, 1995.
*1303 Henry Robinson, Daytona Beach, pro se.
No appearance for appellee.
W. SHARP, Judge.
Robinson appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence. For several reasons, we affirm.
In 1990, Robinson was convicted of robbery with a firearm after pleading nolo contendere. The trial court imposed a twenty year habitual offender sentence. Apparently no direct appeal was taken, and the two year time limit[1] for filing a motion pursuant to Florida Rule of Criminal Procedure 3.850 has long since passed. In 1992, this court affirmed the trial court's earlier summary denial of Robinson's motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Robinson v. State, 611 So.2d 535 (Fla. 5th DCA 1992).
In this proceeding, Robinson argues his twenty year sentence is illegal because of errors committed on his scoresheet, which if correctly calculated, would have resulted in a much reduced score and recommended and permitted sentence. However, habitual offender sentences are not subject to the sentencing guidelines. Ch. 88-131, Laws of Fla., § 775.084(4)(e), Fla. Stat. (1989). Also, robbery with a firearm is a first degree felony punishable by life,[2] and is clearly punishable (after habitualization) by a twenty-year term.
In the prior proceeding in this court, Robinson challenged his habitual offender sentence, although on other grounds. Thus this motion is also improper because it is successive. Further, to the extent Robinson's collateral attack can be characterized as an attack on the voluntariness of his plea, the trial court correctly denied it because such an issue must be raised in a sworn 3.850 *1304 motion and as noted above, the two year time limit has expired.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.850(b).
[2] § 812.13(2)(a), Fla. Stat. (1989).