PER CURIAM.
Appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 seeking posteonvietion relief. He presented seven claims, all of which alleged ineffective assistance of trial'counsel. The trial court denied relief as to all claims and, in support, citied to various portions of the record supposedly attached to its order. However, the cited portions of the record were not, in fact, attached to the order. Because all of appellant’s claims except two are sufficient on their face, we are constrained to reverse as to those facially sufficient claims. See Walker v. State 704 So.2d 566 (Fla. 1st DCA 1997); Cooper v. State, 700 So.2d 734 (Fla. 1st DCA 1997). On remand, if the trial court again determines that the claims are conclusively refuted by portions of the record, it shall attach those documents to its order denying relief; otherwise, it shall hold a hearing. We affirm the trial court’s order as to the last two claims raised in appellant’s motion (that trial counsel was ineffective in failing to object when the trial court reread some, but not all, of the instructions to the jury and in failing to object to the language of the information) because those claims are legally insufficient.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, WEBSTER and BROWNING, JJ., Concur.