740 So.2d 1180 (1999)
James Frederick ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 99-00403.
District Court of Appeal of Florida, Second District.
June 2, 1999.
Rehearing Denied July 28, 1999.
PER CURIAM.
James Frederick Allen appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied Allen's motion on the ground that it was procedurally barred as raising issues addressed on direct appeal and in a prior motion for postconviction relief. Although the trial court referred to specific attachments purportedly supporting this *1181 conclusion, those attachments were not included in the record. Normally, this would require us to reverse. See Wilson v. State, 724 So.2d 189 (Fla. 1st DCA 1999); Driver v. State, 695 So.2d 1318 (Fla. 2d DCA 1997). In this case, however, the record conclusively shows that Allen's claims are without merit. We accordingly affirm. See Fla. R.App. P. 9.140(i) (requiring reversal unless record conclusively shows that appellant is entitled to no relief).
Allen claims that his sentence, imposed on May 22, 1992, is illegal on two grounds. He contends that his written sentence as a habitual offender on five offenses conflicts with the trial court's oral sentence as a habitual offender on only one offense; he also asserts that his scoresheet erroneously includes habitualized offenses as additional offenses at conviction.
Allen's first claim is refuted by the transcript of the sentencing hearing which he appended to his motion. Although the trial court failed to address Allen's second claim, we find it to be facially insufficient. Since Allen received a habitual offender sentence, he was not entitled to a guidelines sentence. See § 775.084(4)(e), Fla. Stat. (1991) (exempting habitual offender sentencing from sentencing guidelines procedure). Hence, the fact that Allen's guidelines scoresheet may have improperly included habitualized offenses as additional offenses does not render his habitual offender sentence illegal. See Robinson v. State, 654 So.2d 1302 (Fla. 5th DCA 1995) (affirming denial of rule 3.800 motion based on claim that sentence was illegal due to scoresheet errors where defendant had been sentenced as habitual offender and was not subject to sentencing guidelines).
Affirmed.
THREADGILL, A.C.J., and GREEN and CASANUEVA, JJ., Concur.